The BANK OF NEW YORK, Plaintiff,

v.

Mishal BIN SAUD, Defendant.

Mishal BIN SAUD, Defendant and Third-Party Plaintiff,

v.

INDECO HOLDINGS SOLYMAR, INC. and Indeco Holdings Limited, Third-Party Defendants.

No. 84 Civ. 3681 (RWS).

United States District Court, S.D. New York.

Jan. 14, 1986.

Breed, Abbott & Morgan, New York City, for plaintiff; Thomas A. Shaw, Jr., Abner T. Zelman, of counsel.

Dorsey & Whitney, New York City, for defendant; Stephen B. Camhi, Susan L. Lesinski, of counsel.

Kramer, Levin, Nessen, Kamin & Soll, New York City, for third-party defendants; Robert M. Heller, Jonathan M. Wagner, of counsel.

## OPINION

SWEET, District Judge.

A motion to stay further proceedings in this action has been made by defendant third-party plaintiff Mishal Bin Saud ("Bin Saud") and supported by third-party defendants Indeco Holdings Solymar, Inc. ("Solymar") and Indeco Holdings Limited ("Limited"). This motion to abstain in favor of a pending state court action in Florida is opposed by plaintiff The Bank of New York ("BONY"). As discussed below, Bin Saud's motion will be denied.

### Facts

Through a series of loan instruments (the "Financing Documents") dated June 30, 1983, BONY agreed to lend Solymar up to $42 million for the construction of an apartment building in Miami Beach, Florida. Also executed on June 30, 1983 was Bin Saud's personal guarantee of payment on the loan (the "Guarantee").

In the Guarantee, Bin Saud guaranteed the "due performance and prompt repayment" of the principal and interest as required by the Financing Documents. Moreover, Bin Saud agreed to make any required payments immediately upon the occurrence of an event of default and waived certain rights regarding extensions of time to repay as permitted by law.

The Guarantee specifically provides for the Guarantee to be construed and enforced in accordance with the laws of New York and for jurisdiction in New York. Finally, the Guarantee provides BONY the option of commencing a recovery action on the Guarantee without taking action against Solymar, any other person, or against any collateral contemplated by the Financing Documents.

BONY asserts that an event of default occurred under the Financing Documents prior to March 31, 1984, by reason of Solymar's failure to provide a letter of credit, to enter into a sufficient number of binding contracts of sale for condominium units, to pay interest and taxes, and various other

events. On April 25, 1984, notice of these defaults was sent by certified mail to Solymar, with copies to Bin Saud and Limited. When none of the alleged defaults were cured, BONY commenced two actions, one here and one in Florida State court, on May 24, 1984.

The present action was prosecuted by BONY solely against Bin Saud as a guarantor of payment. In turn Bin Saud has impleaded Solymar and Limited as third-party defendants. In the Florida action entitled *The Bank of New York v. Indeco Holdings Solymar, Inc., et al.,* No. 84–19128–CA–15, BONY commenced a foreclosure proceeding against the debtor Solymar which includes various other persons having claims against the Florida property. BONY has also included Limited in the Florida action on the basis of a guarantee agreement executed by Limited which is apparently similar in form to that executed by Bin Saud.

**Discussion**

■ Bin Saud's motion for a stay of this proceeding as premised on the type of abstention recognized by the Supreme Court in *Colorado River Conservation District v. United States,* 424 U.S. 800, 817–820, 96 S.Ct. 1236, 1246–1248, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 15–16, 103 S.Ct. 927, 936–937, 74 L.Ed.2d 765 (1983). Under these cases, a district court may consider a stay or dismissal of a federal action in favor of a pending state action for reasons of "wise judicial administration." *Id.* at 15, 103 S.Ct. at 936 (*quoting Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246). Such a conclusion may only be reached in exceptional circumstances since the federal courts have an obligation to exercise the jurisdiction provided by Congress. *Moses H. Cone,* 460 U.S. at 14–15, 103 S.Ct. at 936. The relevant factors to be considered are the existence of jurisdiction over property, the avoidance of piecemeal litigation, the relative progress of the two actions, the existence of extensive state law claims in the federal action, whether federal law provides the rule of decision on the merits and the availability of complete relief in the state court. *Awkright-Boston Manufacturers Mutual Insurance Co. v. City of New York,* 762 F.2d 205, 210 (2d Cir.1985).

■ Since the party opposing the exercise of federal jurisdiction bears a heavy burden of persuasion, a stay will issue only when a careful balancing of the above listed factors clearly demonstrates that litigation in the two fora is an inequitable or wasteful use of judicial resources. In this case, the only apparent reasons weighing in favor of a stay are the avoidance of duplicative litigation and the Florida court's conceded jurisdiction over the property affected by the Financing Documents.

■ While a court is always receptive to any means of eliminating redundant uses of judicial resources, the two actions relevant to this motion do not have those characteristics of "piecemeal" litigation which have required the stay of federal jurisdiction. In the cases cited by Bin Saud in which a stay was granted, the federal and state actions contained "essentially identical allegations." *Arkwright-Boston,* 762 F.2d at 208; *Reliance Insurance Co. v. National Superlease, Inc.,* 84 Civ. 3121 (S.D.N.Y. July 10, 1984). Here, however, the actions are largely distinguishable by virtue of the distinct contractual relationships established between the parties. The Guarantee executed by Bin Saud expressly provides that the obligations contained therein are independent of the underlying Financing Documents and the property which is intimately related to those Financing Documents. Therefore, while there exists an identical issue within each action, *i.e.,* whether an event of default on the Financing Documents has occurred, the two actions are largely disparate since one involves merely a guarantee of payment under New York law and the other involves real estate foreclosure under Florida law, with all the attending issues regarding each interested party's rights as well as the appropriate remedies.

Several other factors weigh in favor of retaining the present litigation. The feder-

al forum here in New York is presumably much more convenient for the plaintiff than the Florida state court since this state was specified in the Guarantee. In this regard, it is significant to distinguish this case from the typical case of abstention due to judicial economy in which the state and federal courts are located within the same state or even the same city. *See Colorado River, supra; Awkright-Boston, supra; National Reliance, supra.* While BONY is a large corporation which would not seriously be inconvenienced by litigation in another part of the country, the same can be said of Bin Saud, a foreign citizen with equally impressive assets.

The law to be applied also counsels for the maintenance of this action in New York. The Guarantee was negotiated and executed in this state and provides that New York law governs. This action must also consider Florida law regarding the issue of a default, yet there has been no showing that this issue is so complex and unsettled that only a Florida court could best determine it. *Cf. Arkwright-Boston, supra,* 762 F.2d at 211. Therefore, given the existence of issues governed by the laws of both New York and Florida, Bin Saud has not made a clear showing that a Florida court is better equipped to adjudicate this action.

Finally, the order in which these two actions were filed does not counsel for the denial of federal jurisdiction. Each of the actions were filed the same day and the pretrial proceedings have not materially advanced in either action due to prior settlement discussions.

In sum, this action more closely resembles the *Moses H. Cone* decision, in which abstention was denied, than any of the precedents cited by the movant Bin Saud. As in *Moses H. Cone,* the plaintiff has entered into various contractual relationships with several other parties. By virtue of these disparate agreements and the preference of a party to enforce an agreement within a chosen forum, the litigation has proceeded in two courts rather than one. The mere presence of a common

underlying pattern of facts or particular issue does not require a stay. *See Moses H. Cone,* 460 U.S. at 20, 103 S.Ct. at 939.

For the foregoing reasons, Bin Saud's motion for a stay is denied. Should further proceedings create a greater tension between the two judicial proceedings, then, of course, the motion may be renewed.

IT IS SO ORDERED.