Michelle **DECROSTA**, Plaintiff,

v.

**RED CARPET INNS INTERNATIONAL, INC. and Resolution Trust Corporation, Defendants.**

Civ. A. No. 91–0180.

United States District Court, E.D. Pennsylvania.

June 26, 1991.

Herbert Monheit and Theodore C. Forrence, Jr., Philadelphia, Pa., for Michelle Decrosta.

Lloyd S. Markind, Arnelle & Hastie and Donald M. Davis, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, Pa., for Resolution Trust Corp.

Ernest Iannelli, Harris and Silverman and Frank S. Blatcher, Liebert, Short & Hirshland, Philadelphia, Pa., for Red Carpet Inns Intern., Inc.

## MEMORANDUM

TROUTMAN, Senior District Judge.

Plaintiff originally filed the above-captioned action in the Philadelphia Court of Common Pleas, alleging that she sustained serious injuries when she slipped and fell in a bathtub in the Red Carpet Inn in Davenport, Florida. Plaintiff further alleged, in Count I of her Complaint, that the management of the Red Carpet Inn was negligent in failing to provide adequate safety devices in and around the bathtub, in failing to inspect for the dangerous condition of the bathtub and in failing to warn her of the dangerous condition of the bathtub.[1]

In Count II, plaintiff asserted the same allegations against Resolution Trust Corpo-

ration, (RTC), the agency established by Congress through The Financial Institutions Reform, Recovery and Enforcement Act of 1989, (FIRREA), 12 U.S.C.A. § 1441a(b), to deal with the myriad problems of failed savings and loan institutions. RTC became involved in the instant litigation as receiver of Missouri Savings Association, franchisee of the Davenport Red Carpet Inn where the alleged accident occurred.

Subsequently, on January 9, 1991, RTC removed the action to this Court pursuant to 12 U.S.C.A. § 1441a($l$)(1), which provides that any civil action to which RTC is a party shall be deemed to arise under the laws of the United States. Plaintiff thereafter filed her Amended Complaint, (Doc. # 3), pursuant to the prior stipulation of counsel. See, n. 1, supra. Defendant Red Carpet Inns then filed its answer to the Amended Complaint, (Doc. # 7), in which it also asserted a crossclaim against RTC.

Defendant RTC has moved to dismiss Count II of plaintiff's Amended Complaint, as well as the crossclaim asserted by Red Carpet Inns, for want of subject matter jurisdiction. RTC contends that plaintiff's failure to administratively assert her claim, and, thus, to exhaust administrative remedies, precludes assertion of her claim against RTC in the instant action.

According to 12 U.S.C.A. § 1441a(b)(4), RTC has the same powers and rights to carry out its duties as the Federal Deposit Insurance Corporation has pursuant to 12 U.S.C.A. §§ 1821, 1822, and 1823. The latter provisions, inter alia, establish an administrative procedure for presenting claims and limit court jurisdiction over claims against the assets of a depository institution. Specifically, in 12 U.S.C.A. § 1821(d)(13)(D), court jurisdiction over any claim relating to an act or omission of a depository institution for which RTC has been appointed as receiver, or to an act or

1. In the original Complaint, XQR Corporation was named as the defendant entity which allegedly managed and controlled the premises upon which plaintiff was injured. Subsequently, all parties stipulated to dismissal of the action against XQR and the substitution therefor of defendant Red Carpet Inns International, Inc. through plaintiff's filing of an Amended Complaint. See, Doc. # 2, Certified Record from the Philadelphia Court of Common Pleas.

omission of RTC as receiver, is limited to that provided in § 1821(d).

Although the procedures for initial presentation of claims is not set forth in § 1821(d), subsection (d)(5) prescribes detailed procedures for the processing of claims. Subsection (d)(6) gives claimants who are unsuccessful in the initial stage of review the option of pursuing either administrative review or of filing suit in U.S. district court for the District of Columbia or in the U.S. district court in whose territory the depository institution for which RTC is receiver has its principal place of business.

Courts which have considered the issue have held that these provisions, supported by the legislative history of FIRREA, require exhaustion of administrative procedures, at least to the extent of initial presentation of claims to RTC, prior to the assertion of a claim against RTC in court. *See, e.g., Tuxedo Beach Club Corp. v. City Federal Savings Bank,* 737 F.Supp. 18 (D.N.J.1990); *Circle Industries v. City Federal Savings Bank,* 749 F.Supp. 447 (E.D.N.Y.1990).

Plaintiff neither denies that she failed to exhaust administrative procedures nor provides any legal authority or analysis of legislative history suggesting that Congress, in the FIRREA statute, did not intend to require exhaustion of administrative procedures prior to filing suit with respect to claims asserted against RTC as receiver of a failed depository institution. Rather, plaintiff contends that the term "claim", undefined in the applicable statutes, could not have been intended to apply to the instant action. Plaintiff reasons that, because the franchise agreement pursuant to which Missouri Savings operated the Red Carpet Inn, requires the franchisee to obtain and maintain insurance to cover such claims as she here asserts, her claim will not reach the assets of the depository institution or the RTC. Thus, she contends that her claim does not fall into the class of claims for which exhaustion of administrative remedies is required.

We cannot accept such a construction of the term "claim". Although the term may not be specifically included in any definitions section of the relevant statutes, the type of claim over which court jurisdiction is limited by § 1821(d) is described in § 1821(d)(13)(D)(ii) as, "any claim relating to any act or omission of such [depository] institution or the Corporation as receiver." Thus, the plain language of that portion of the governing law which concerns limitations on court jurisdiction squarely covers the claim here asserted against RTC. As noted, plaintiff alleges that RTC, as receiver of Missouri Savings Association, "owned, operated, managed, and controlled" the Red Carpet Inn in which the accident occurred and enumerates several alleged acts and omissions of RTC which allegedly caused her injuries. (Amended Complaint, Doc. # 3, ¶¶ 13–16).

The statute places no qualifications upon the terms "act or omission" from which the Court could reasonably conclude that acts or omissions resulting in claims which are or should be covered by insurance are excluded. Moreover, plaintiff provides no support, in either the language of the statute itself, in its legislative history, or in relevant caselaw for her speculation that the possibility of insurance coverage affects the statutory limitation on court jurisdiction. Finally, common sense and ordinary prudence counsel that Congress could not possibly have intended to create an exception to the exhaustion of administrative remedies requirement which would cast the issue into a state of uncertainty and confusion, as conditioning the definition of "claim" upon such a fortuitous circumstance as insurance coverage most certainly would. Claimants, the RTC, and, ultimately, the courts would be forced to make a detailed assessment of potential collateral sources of recovery prior to determining whether exhaustion of administrative procedures is required with respect to any claim asserted against RTC. In addition, even if insurance coverage is, or should be, available, the possibility always exists that a policy has lapsed, for nonpayment of premiums or otherwise, or that a policy exclusion or limitation of coverage may apply to a particular claim. In that event, how, and at what stage of the pro-

ceedings, would the issue of exhaustion of administrative remedies/court jurisdiction be resolved?

In short, we find plaintiff's argument in support of this Court's jurisdiction completely unsupportable. Plaintiff's suggestion that determinining whether a "claim" against RTC must first be asserted administratively depends upon, or is in any way affected by, the possibility of insurance coverage is replete with difficulties, and, thus, is completely impractical. We conclude, therefore, that plaintiff's negligence claim against RTC must be dismissed for lack of jurisdiction, based upon her failure to exhaust administrative remedies prior to filing her claim against RTC in this Court.[2]

Since RTC will be dismissed as a party defendant to this action, the crossclaim of co-defendant, Red Carpet Inns International, Inc., will likewise be dismissed.

---

**2.** Disposition of the motion to dismiss on this basis renders it unnecessary to reach the second issue raised by RTC, *viz.,* whether this is the appropriate Court in which to bring an action against RTC.