**ORCHARD HILLS COOPERATIVE APARTMENTS, INC., an Illinois not-for-profit corporation, Plaintiff,**

v.

**RESOLUTION TRUST CORPORATION, as Receiver of Germania Bank, a Federal Savings Bank, Defendant.**

No. 91–3003.

United States District Court, C.D. Illinois, Springfield Division.

Nov. 25, 1991.

Robert V. Ogren, Kevin T. McClain, Springfield, Ill., for plaintiff.

Donald L. Smith, Alton, Ill., for defendant.

OPINION

RICHARD MILLS, District Judge:

Sadly, we face here the failure of another Savings & Loan.

The issue: whether a complaint against the Resolution Trust Corporation, as receiver of a failed financial institution, must be dismissed when the plaintiff filed its claim in United States District Court *prior* to pursuing federally mandated administrative remedies.

Before the Court is Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1) because Plaintiff failed to exhaust its administrative remedies as required by 12 U.S.C. § 1821(d) before bringing its claim in federal court.

### I. Facts

This is not the first time that we have visited this matter. *See Orchard Hills Cooperative Apartments, Inc. v. Germania Federal Savings and Loan Association,* 720 F.Supp. 127 (C.D.Ill.1989).[1] We will not repeat the lengthy facts detailed in its prior decision, however some supplementation is necessary. *Orchard Hills Cooperative Apartments,* at 128–29. After this Court dismissed Plaintiff's suit, Plaintiff filed a complaint against Germania Federal Savings & Loan (Germania) in the Circuit Court of Sangamon County on June 26, 1990. The complaint contained three counts: Count I alleged common law fraud; Count II alleged that Germania breached its fiduciary duty to Plaintiff; and a breach of contract claim was brought in Count III.

Four days prior to the filing of Plaintiff's complaint, the Resolution Trust Corporation (RTC) was appointed conservator of Germania. Pursuant to 12 U.S.C. § 1441a(b)(1)(B) (1989), RTC filed a motion to remove this action to the United States District Court for the Southern District of Illinois where it was also substituted as the defendant. Subsequently, Plaintiff filed a motion for change of venue to the Central

---

1. In this suit, in 1985, Plaintiff brought an action under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1962(a)) and other state laws. This Court dismissed Plaintiff's civil RICO claims with prejudice and dismissed the remaining state claims without prejudice.

District of Illinois because this Court was well acquainted with the facts of this case. Plaintiff's motion was granted and this case was transferred to this Court on December 27, 1990.

On July 26, 1991, Defendant was appointed receiver of Germania and this Court granted its motion to substitute RTC as receiver as the defendant in this case. Defendant now seeks to have this case dismissed for lack of subject matter jurisdiction on the ground that Plaintiff failed to exhaust the administrative procedures for bringing claims against the RTC as established in the Financial Institution Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d) (1989).

## II. Motion to Dismiss

■ When ruling on a motion to dismiss pursuant to 12(b)(1), the court must take all of the plaintiff's allegations as true and must view them, along with all reasonable inferences therefrom, in the light most favorable to the plaintiff. *Brown v. Keystone Consolidated Industries, Inc.*, 680 F.Supp. 1212 (N.D.Ill.1988). A district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted relevant to the determination of jurisdiction. *Grafon Corp. v. Hausermann*, 602 F.2d 781 (7th Cir.1979). Dismissal is proper when the complaint fails to sufficiently allege the existence of subject matter jurisdiction. *Brown*, at 1215.

## III. Analysis

In response to the savings and loan crisis, Congress enacted FIRREA in order to provide a regulatory framework in which claims against failed financial institutions could be handled "expeditiously and fairly." *Hermitage Associates v. Resolution Trust Corp.*, No. 91–2027, 1991 WL 281737, 1991 U.S. Dist. LEXIS 15507 (E.D.N.Y. Oct. 3, 1991) (quoting H.R.Rep. No. 54(I), 101st Cong. 1st Sess. 419 (1989, U.S.Code Cong. & Admin.News 1989, p. 86)). To help attain this goal, FIRREA created the RTC to manage, contain and resolve all cases involving failed savings institutions. 12 U.S.C. § 1441a(b)(3)(A) (1989). Under 12 U.S.C. § 1441a(b)(4) (1989), RTC has the same powers and rights to perform its duties as the Federal Deposit Insurance Corporation (FDIC) has according to 12 U.S.C. §§ 1821, 1822, and 1823 (1989). *Decrosta v. Red Carpet Inns Int'l Inc.*, 767 F.Supp. 694 (E.D.Pa.1991).

■ The resolution procedure for claims filed against a financial institution in RTC receivership are set forth in 12 U.S.C. § 1821(d). First, a claimant may file its claim with the RTC which has 180 days to allow or disallow it. 12 U.S.C. § 1821(d)(5)(A)(i) (1989). Afterwards, if a claimant is dissatisfied with the results, it has 60 days to obtain *de novo* judicial review of the RTC's determination pursuant to § 1821(d)(6)(A) which provides in pertinent part:

the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

This is the only path that a claimant can follow to the federal courts. *United States v. Altman*, 762 F.Supp. 139 (S.D.Miss.1991). Section 1821(d)(13)(D) limits the jurisdiction of district courts to *de novo* review of claims first presented to the RTC:

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been assigned receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

Thus, FIRREA divests Article III courts of subject matter jurisdiction over claims presented to the RTC until the claimant has exhausted administrative remedies. *Circle Industries, Division of Nastasi–White, Inc. v. City Federal Savings Bank,* 749 F.Supp. 447 (E.D.N.Y.1990), *aff'd per curiam,* 931 F.2d 7 (2d Cir.1991).

■ Neither Defendant's motion to dismiss nor Plaintiff's memorandum in opposition states that Plaintiff first sought an administrative remedy before pursuing this action in district court.[2] Although the RTC was conservator of Germania at the time this claim was filed, that did not relieve Plaintiff of the responsibility of following the administrative procedures set forth in § 1821(d) once the RTC became the receiver of Germania Bank. *Circle Industries,* 749 F.Supp. at 454–55. Therefore, this Court must dismiss Plaintiff's claim for lack of subject matter jurisdiction since it did not first pursue mandated administrative remedies before seeking a judicial determination of its claim. Any other conclusion would defeat Congress' intent to have the RTC develop administrative procedures to settle claims brought against failed financial institutions.

*Ergo,* Defendant's motion to dismiss is ALLOWED. All pending motions are hereby DENIED as moot. Hopefully, this matter, which has dragged on for a great length of time in one form or another through both the state and federal systems, can be settled by the parties through the administrative process.

Case CLOSED.

---

**2.** Neither party suggests, and this Court does not believe, that the filing date of Plaintiff's claim against Germania brought in state court should relate back to 1985 when this case was initially brought in federal court. The date the action was commenced is important because if it precedes the date that the RTC became involved, the claim would be stayed rather than dismissed. *Rexam Ltd. Partnership v. Resolution Trust Corporation,* 754 F.Supp. 245 (D.C.P.R.1990). This Court dismissed, with prejudice, Plaintiff's 1985 suit because there was no basis for its federal claims; furthermore, the RTC was not a party. Therefore, this Court never acquired jurisdiction over Plaintiff's original suit.