The **MITSUI TAIYO KOBE BANK, LTD.,** as successor by merger to The Taiyo Kobe Bank, Ltd., Plaintiff,

v.

**FIRST NATIONAL REALTY AND DEVELOPMENT COMPANY, INC.,** an Illinois corporation; Demetrios Dellaportas; Theodora Dellaportas; Jon Goldstein; Maria Dellaportas Goldstein; Diana Dellaportas; Peter Dellaportas; Diane Dellaportas; Thomas Dellaportas; Michelle Dellaportas; Lefkas General Partners No. 1007; and Lefkas General Partners No. 1012, Defendants.

No. 91 C 6629.

United States District Court, N.D. Illinois, E.D.

March 30, 1992.

---

**1008**

Steven H. Frankel, Alan Scott Gilbert, Elpidio R. Villarreal, Jonathan B. Piper, Sonnenschein, Nath & Rosenthal, Chicago, Ill., for plaintiff.

Thomas Patrick Egan, Chapman & Cutler, John Henry Wickert, Kenneth M. Lodge, Burke, Smith & Williams, Vincent Dominick Pinelli, Burke, Burns, Ellison & Pinelli, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Defendants in this action are guarantors of a loan made by plaintiff, Mitsui Taiyo Kobe Bank, Ltd. (MTKB), to finance a construction project in Merrillville, Indiana. MTKB brought this diversity action for payment on the guaranty and now defendants move for a dismissal or stay of plaintiff's complaint pending resolution of a related foreclosure proceeding in an Indiana state court. For the reasons set forth below, defendants' motion is denied.

## BACKGROUND

On July 16, 1990, MTKB loaned $55,000,-000 to Bank One Merrillville, N.A. (Bank One), Lefkas General Partners No. 1007 and Lefkas General Partners No. 1012 (collectively "borrower")[1] for the construction of a shopping center and theater complex in Merrillville, Indiana. The loan, evidenced by a note, was secured by a mortgage on the construction project. Also on July 16, 1990, defendants entered into a guaranty agreement with MTKB, in which defendants guaranteed payment of the note along with any cost and attorney fees incurred by MTKB in collecting the debt.

MTKB claims defendants have defaulted on the loan by committing numerous infractions of the loan agreement, including allowing over $12,000,000 in unresolved mechanics' liens to be filed against the project, failing to provide certain financial information and providing false information in the loan agreement. On September 26, 1991, MTKB initiated foreclosure proceedings in Newton Circuit Court, Kentland, Indiana, to recover the unpaid balance of the loan, $23,633,267.80, plus interest in the amount of 4 percent over the prime rate per annum. Also, in the state proceeding MTKB included a claim against the defendants here for recovery on the guaranty. The state guaranty claim was voluntarily dismissed,[2] and the instant case ensued.

## DISCUSSION

■ Defendants argue that MTKB's complaint should be dismissed or stayed pending resolution of the state foreclosure proceeding pursuant to the "exceptional

---

1. Bank One is the trustee of the loan and legal owner of the property covered by the mortgage. The two partnerships are the beneficial owners of the property.

2. Plaintiff stated in its response that the dismissal was precipitated by one of the guarantors exercising her right as a newly-joined defendant for a change of venue pursuant to Indiana law. (plf. resp. p. 4).

circumstances test" set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). In *Colorado River* the Supreme Court recognized the propriety of a district court's dismissal or stay of an action when there is a concurrent parallel action in a state court. These considerations include concern for "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). As we stated recently, "we are mindful that this discretion must be exercised with caution because of the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.' " *Home Federal Bank For Savings v. Gussin*, 783 F.Supp. 363, 366 (N.D.Ill.1992) (quoting *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246). *See also LaDuke v. Burlington Northern R. & Co.*, 879 F.2d 1556, 1558 (7th Cir.1989) ("the surrender of jurisdiction in deference to parallel state proceedings ... is warranted only under 'limited' and 'exceptional' circumstances.").

■ As a threshold matter, in order for the *Colorado River* doctrine to be applied, the concurrent federal and state action must in fact be parallel. *See LaDuke*, 879 F.2d at 1559; *Day v. Union Mines, Inc.*, 862 F.2d 652, 655 (7th Cir.1988). "Suits are 'parallel' when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *LaDuke*, 879 F.2d at 1559 (quoting *Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir.1988)). Because MTKB's foreclosure and guaranty suits are not parallel, we are not permitted to dismiss or stay the present action.

A foreclosure proceeding is a creature of property law, whereas a guaranty agreement is contractual in nature. The rights and liabilities of the parties vary significantly between these two actions. Typically, a lender/mortgagee (Mitsui) seeking recourse against a defaulting borrower/mortgagor (Bank One) is relegated to forcing a sale of the mortgaged property in hopes that the proceeds will satisfy the remaining debt. This reflects the current scenario in the Indiana foreclosure proceeding where Bank One and the Lefkas partnerships, as borrowers, are being sued by Mitsui.

Separate and apart from the mortgage and note, Mitsui bargained for and received additional assurances from the defendants that the debt would be paid. This independent agreement is very common in the industry because it gives the lender another direct avenue of recovery, including holding the guarantors personally liable on the debt. The value of guaranty in the hands of Mitsui would be greatly diminished if we deemed the two actions parallel and forestalled the present case.[3] "Had defendant wished to assure [a stay or dismissal] it could have written the terms of the guaranty so that that suit thereon would be conditioned upon exhaustion of the bank's remedies against the borrower.... A stay of the proceedings would effectively change the terms of the bargain by precluding the bank from proceeding on the guaranty independent of its action on the underlying loan." *National Bank of Detroit v. United States*, 1 Cl.Ct. 712, 715 (1983). *See also Republicbank Dallas, National Association v. McIntosh*, 828 F.2d 1120 (5th Cir.1987); *Bank of New York v. Bin Saud*, 628 F.Supp. 474 (S.D.N.Y.1986); *Whirlpool Financial Corp. v. Metropolis Capital Group*, 1991 WL 212112, 1991 U.S.Dist. LEXIS 14243 (N.D.Ill. October 4, 1991).

---

**3.** Paragraph 5 of the Guaranty provides in pertinent part:

Guarantors agree that this Guaranty may be enforced by Lender without the necessity at any time of resorting to or exhausting any other security or collateral given in connection herewith or with the Note, Loan Agreement, Mortgage or any of the other Loan Documents through foreclose proceedings under the Mortgage or otherwise,.... Guarantors further agree that nothing contained herein or otherwise shall prevent Lender from pursuing concurrently or successively all rights and remedies available to it at law and/or equity or under Note, Loan Agreement, Mortgage or any other Loan Documents....

The fact that the foreclosure proceeding and the present case have a common issue, *i.e.*, whether the borrower defaulted on the loan agreement, does not make the two suits parallel. As noted by defendants, "we look not for formal symmetry between the two actions, but for a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Day v. Union Mines Inc.*, 862 F.2d 652, 656 (7th Cir.1988) (quoting *Lumen Constr., Inc., v. Brant Constr. Co., Inc.*, 780 F.2d 691, 695 (7th Cir.1985)). This analysis depends on many factors unrelated to the guaranty, including whether the mechanics' liens filed against the project are meritorious and the monetary value of the project.[4] Therefore, we cannot say that there is a substantial likelihood that the foreclosure proceeding would dispose of the guaranty action.

Also, defendants' argument that the parties in two suits are substantially the same is specious. While it is true that the twelve defendants in the instant case are also defending the foreclosure proceeding, the main defendant in the state case is Bank One, the trustee and primary borrower of the loan.

### CONCLUSION

We hold that the Indiana foreclosure proceeding initiated by MTKB is not parallel to MTKB's concurrent federal claim for recovery under the guaranty.[5] Therefore, we deny defendants' motion for a stay or dismissal of this action.

---

4. It should also be noted that defendants have apparently waived the use of a possible favorable outcome in the foreclosure proceeding as defense to liability on the guaranty. The guaranty provides that "[n]either Guarantors' obligations under this Guaranty nor any remedy for the enforcement thereof shall be impaired, modified, change, released in any manner whatsoever by any impairment, modification, change, release or limitation of the liability of Borrower under the Note, Loan Agreement, Mortgage, or other Loan Documents...." Guaranty at ¶ 5. Application of this provision makes resolution the present conflict, in light of the foreclosure proceeding, even more speculative.

5. This holding makes application of the *Colorado River* doctrine unnecessary.