Douglas BERES, Plaintiff,

v.

**VILLAGE OF HUNTLEY, ILLINOIS, James Dhamer, Village President, and Richard Rossi, Chief of Police, in their individual and their official capacities, Defendants.**

No. 92 C 20089.

United States District Court,
N.D. Illinois,
W.D.

July 20, 1992.

Michael K. Havrilesko, Ellen B. Lynch, Havrilesko & Associates, Rockford, IL, for plaintiff.

Thomas G. DiCianni, Jeffrey D. Greenspan, Ancel, Glink, Diamond & Cope, Chicago, IL, Michael F. Kukla, Michael F. Kukla, Ltd., Crystal Lake, IL, for defendants.

## ORDER

REINHARD, District Judge.

### Introduction

On March 13, 1992, Douglas Beres, plaintiff, filed a two-count complaint against defendants, the Village of Huntley, Illinois (Village), and James Dhamer, village president, and Richard Rossi, the village chief of police, both in their individual and official capacities, pursuant to 42 U.S.C. § 1983, alleging that defendants violated plaintiff's due process rights. Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure (Fed.R.Civ.P.) 12(b)(1) for lack of jurisdiction based on several abstention doctrines.

### Facts

According to plaintiff's complaint filed March 13, 1992, until December 5, 1991, the Village employed plaintiff as a police officer. On that day, Dhamer issued plaintiff a written notice of termination. Previously, on December 2, 1991, Rossi requested plaintiff's resignation and placed plaintiff on involuntary vacation so that plaintiff could look for a new job. Plaintiff refused to resign and asked for the reasons for Rossi's request. According to plaintiff, no specific reasons were given. Plaintiff alleges that Rossi implied that plaintiff's termination was related to a theft at King Chevrolet. Plaintiff states that no disciplinary charges were brought against him, and no hearing was held prior to or after his discharge on December 5, 1991. Plaintiff alleges that his termination violated his constitutional right not to be deprived of liberty or property without due process because defendants had published the reason for termination and the termination was in violation of Ill.Rev.Stat. ch. 24, ¶ 10–1–1 et seq. (1991) and Ill.Rev.Stat. ch. 85, ¶ 2551 (1991). Plaintiff's two-count complaint requests compensatory damages, punitive damages against the individuals, attorney fees and declaratory and injunctive relief, including reinstatement of his employment.

Defendant has attached to its memorandum in support of its motion to dismiss a copy of a complaint which plaintiff filed on January 8, 1992, seeking administrative review of defendants actions in the circuit court of McHenry County, Illinois. The complaint in the state court alleges the same facts as are alleged in the complaint before this court and contends that plaintiff's termination violates "[p]laintiff's statutory and constitutional rights to due process and his rights under Ch. 24, Section 10, and Chapter 85, § 2551 *et seq.*" Plaintiff's complaint for administrative review seeks, among other things, reinstatement of plaintiff in his employment.

On May 21, 1992, the state court granted defendant's motion to dismiss the complaint but gave plaintiff leave to file an amended complaint. Plaintiff filed an "amended complaint for preliminary restraining order and for temporary and permanent injunction." The amended complaint in state court does not include allegations that defendants had denied plaintiff of a property interest without due process. The amended complaint contains no citations to Illinois statutory authority granting plaintiff a property interest in his continued employment. Rather, although the amended complaint alleged the same facts, it alleges what appears to be a claim of a deprivation of liberty without due process based on the allegations that defendants discharged plaintiff for a theft at an auto dealership, that defendants failed to notify plaintiff of the charges and provide plaintiff with a hearing on the charges, that defendants published the reason for the discharge, and that plaintiff cannot find employment because of the stigma defendants placed on plaintiff.

### Contentions

Defendants contend that under principles of comity and federalism this court should abstain from this case or issue an order staying this case pursuant to the abstention doctrines prescribed in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), *Railroad Commission of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) and *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d · 483 (1976). Plaintiff contends that this court should neither abstain from this case nor issue a stay.

### Discussion

■ Initially, this court notes that a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) appears to be an appropriate method for raising the issue of abstention. *See, e.g., Hanlin Group, Inc. v. Power Authority of the State of New York,* 703 F.Supp. 305, 306 (S.D.N.Y.1989). However, a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) based on abstention does not fit into the two types of jurisdictional attacks generally raised under Rule 12(b)(1), *compare* 2A Moore's Federal Practice ¶ 12.-07[2. –1] at 12–46 –47 and 5A Wright & Miller, Federal Practice and Procedure Civil 2d (2d ed. 1990), because the challenge is not to either the facial insufficiency of the complaint nor to the factual basis pleaded in the complaint. The rationale for abstention is based on principles of comity and federalism. *See New Orleans Public Service, Inc. v. Council of City of New Orleans,* 491 U.S. 350, 364, 109 S.Ct. 2506, 2515–16, 105 L.Ed.2d 298 (1989); *Pennzoil, Co. v. Texaco, Inc.,* 481 U.S. 1, 10–12, 107 S.Ct. 1519, 1525–27, 95 L.Ed.2d 1 (1987). Nevertheless, this court will look to the general rules in determining whether a motion to dismiss for lack of subject matter jurisdiction should be granted. Although this court will take all of plaintiff's allegations as true and view them, along with all reasonable inferences therefrom, in the light most favorable to plaintiff, *Orchard Hills Cooperative Apartments, Inc. v. Resolution Trust Corp.,* 779 F.Supp. 104, 106 (C.D.Ill.1991); 2A Moore's Federal Practice ¶ 12.07[2.1–1] at 12–46 –47, this court must also look beyond the face of the plaintiff's complaint, *Rennie v. Garrett,* 896 F.2d 1057, 1057–58 (7th Cir.1990). Specifically, this court believes it must look to the complaints filed in the state court to compare the causes of action pleaded and the remedies sought in each court.

■ As a general rule, the pendency of an action in state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). However, several

exceptions exist to the general rule. Wright, Federal Courts 303 (4th ed. 1983). Abstention from the exercise of federal jurisdiction is the exception, not the rule, because federal courts have a virtually unflagging obligation to exercise the jurisdiction given them. *Ankenbrandt v. Richards,* —— U.S. ——, ——, 112 S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992).

Defendant raises the abstentions articulated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), *Railroad Commission of Texas v. Pullman,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) and *Colorado Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Each will be discussed below.

### A. *Younger v. Harris* Abstention

■ In *Younger v. Harris,* the Court held that, absent unusual circumstances, a federal court could not interfere with a pending state criminal proceeding. *Younger,* 401 U.S. at 54, 91 S.Ct. at 755. *Younger* has also been extended to civil cases. *See Ankenbrandt,* —— U.S. at ——, 112 S.Ct. at 2216. When a federal court is deciding whether a *Younger* abstention is appropriate, it must make two determinations and both must be met: first, it must decide whether the impact of the relief sought has an undue interference on the state proceeding, such as an injunction; and second, the court must decide whether the state proceedings satisfy three elements: (1) the proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *AFCME v. Tristano,* 898 F.2d 1302, 1304–05 (7th Cir.1990).

■ As to the first requirement, part of the relief sought by plaintiff in this court includes injunctive and declaratory relief. If this court were to grant injunctive or declaratory relief, it would clearly interfere with the state court proceedings.

As to the second requirement, the state proceedings are ongoing, and plaintiff has an adequate opportunity in the state court proceedings to raise constitutional challenges. However, this court does not believe that the

proceedings implicate important state interests. The state proceeding in this case does not involve a criminal prosecution, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746. (1971), a disciplinary action against a professional licensed by the state, *Middlesex County Ethics Committee v. Garden, Etc.,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), a civil contempt order, *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977) or the enforcement of a judgment, *Pennzoil, Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), both of which affect the administration of the state judicial system. In this case, although the state may have some interest in seeing that municipalities comply with state laws, that interest is not an important state interest within the meaning of *Younger* and its progeny. In this typical § 1983 case, the state's interest in litigation involving a terminated police officer, a municipality and its village president and chief of police is not the type of important state interest which requires this court to abstain from exercising its jurisdiction.

B. *Pullman* Abstention

■ In *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the Court held that federal courts should abstain when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided. *Hawaii Housing Authority v. Midkiff,* 467 U.S. 229, 237, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984). The *Pullman* abstention is not limited to cases in which the constitutional issue would be decided adversely to the state, nor to cases in which the state is a party. 17A Wright, Miller & Cooper, Federal Practice and Procedure § 4242 at 32–33 (2d ed. 1988). However, the *Pullman* abstention requires that there be an unsettled question of state law. *Midkiff,* 467 U.S. at 236, 104 S.Ct. at 2327; *see also City of Houston v. Hill,* 482 U.S. 451, 468, 107 S.Ct. 2502, 2513, 96 L.Ed.2d 398 (1987).

■ In this case, there is no unsettled question of state law. Although there are currently unsettled questions of fact based on the record before this court, the defendants have not shown that there is an unsettled question of state law.

Count I of plaintiff's complaint herein alleges that he was deprived of a property interest without due process of law. Plaintiff seeks to show that a property right is created by Illinois statutory law. *See Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) (protectable property interest are created from sources such as state law). Specifically, plaintiff cites to the Illinois Municipal Code (Code). Ill.Rev.Stat. ch. 24, ¶ 1–1–1 *et seq.* (1991). Although plaintiff relies on Article 10 of the Code (Employees and Employment), he does not specify what section of the Code on which he relies. Nevertheless, termination of a municipal police officer is not an unsettled area of state law because the Code specifically sets forth the procedures for termination of a municipal police officer. *See* Ill.Rev.Stat. ch. 24, ¶ 10–1–18(b), ¶ 10–2.1–17 (1991). When there is no ambiguity in the state statute, a federal court should not abstain. *Hill,* 482 U.S. at 468, 107 S.Ct. at 2513. Because there is not an unsettled question of state law, the *Pullman* abstention is not applicable.

C. *Colorado River* Abstention

■ Under the doctrine set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), a federal court may stay or dismiss a suit in exceptional circumstances when there is a concurrent state proceeding and the stay or dismissal would promote wise judicial administration. *Caminiti and Iatarola, Limited v. Behnke Warehousing, Inc.,* 962 F.2d 698, 700 (7th Cir.1992); *see also Mitsui Taiyo Kobe Bank v. First National Realty & Development Co.,* 788 F.Supp. 1007, 1009 (N.D.Ill.1992); *Home Federal Bank v. Gussin,* 783 F.Supp. 363, 366 (N.D.Ill.1992). The first step in determining whether to apply the *Colorado River* abstention is to inquire if the concurrent state and federal proceedings are parallel. *Caminiti,* 962 F.2d at 700. A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum. *Caminiti,* 962 F.2d at 700; *Mit-*

*sui Taiyo Kobe Bank,* 788 F.Supp. at 1009. In this case, the suit in this court is parallel to the suit brought in the circuit court of McHenry County. The parties are the same, and the issue is whether defendant's termination of plaintiff deprived plaintiff of his liberty interests without due process.

■ The second step in determining whether to apply the *Colorado River* abstention is to balance the following factors: 1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim. *Caminiti,* 962 F.2d at 701; *Home Federal Bank,* 783 F.Supp. at 367. No one factor is determinative; rather, a court is required to carefully consider both the obligation to exercise jurisdiction and the combination of factors counselling against the exercise of jurisdiction. *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1247. *"Only the clearest of justifications will warrant dismissal." Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 16, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983) (Emphasis in original).

■ In this case, there are some factors weighing in favor of abstention. First, although there is not much inconvenience, the state forum is probably more convenient in this case. Second, the state court obtained jurisdiction several months prior to this court. Third, the state court action is adequate to protect the plaintiff's rights. Fourth, abstention would avoid piecemeal litigation. However, in analyzing whether a dismissal or stay will further the interest in avoiding piece-meal litigation, the court must look to the substantial likelihood that the state litigation will dispose of all claims presented in the federal case. *Lumen Construction, Inc. v. Brant Construction, Co.,* 780 F.2d 691, 695 (7th Cir.1985). The state litigation will not dispose of all the claims in the federal case because the amended complaint in the state litigation raises only the issue of whether plaintiff's liberty interests were deprived without due process; whereas, the complaint before this court raises not only the liberty claim but also a deprivation of property claim. Thus, although there are factors weighing in favor of abstention, those factors are not overwhelming.

The factors weighing in favor of this court not abstaining include the fact that the state court has not assumed jurisdiction over property. Further, the source of the governing law is federal. Although plaintiff's property claim will involve interpretation of state law intertwined with federal constitutional law, *see Roth,* 408 U.S. at 577, 92 S.Ct. at 2709, the liberty claim involves federal constitutional law. Next, the relative progress of the litigation weighs slightly in favor of not abstaining. Although the state action was filed first, the original complaint in state court was dismissed and plaintiff subsequently filed an amended complaint after filing this federal action. Thus, the relative progress of the litigation seems to be about the same. Furthermore, there is concurrent jurisdiction; removal may be available, and the federal complaint does not appear to be vexatious or contrived.

Weighing the factors and considering this court's obligation to exercise jurisdiction, this court will not abstain under the *Colorado River* doctrine from this litigation.

### Conclusion

For the foregoing reasons, defendant's motion to dismiss is denied.