**Charlotte SAMUELS and
Jack Samuels, h/w**

**v.**

**ACME MARKET a/k/a American Stores Company, Glenna Lynn Shostack, Bell Savings Bank, Timothy Laporte, individually and d/b/a Tru–Kare Maintenance Service, and Robert F. Gregory, individually and d/b/a Gregory Paving Co., Inc.**

Civ. A. No. 93–5524.

United States District Court,
E.D. Pennsylvania.

Feb. 18, 1994.

293

John J. Morrissey, Reiff, Morrissey & Associates, P.C., Philadelphia, PA, for plaintiffs.

Gregory F. LePore, Holl & Assoc., P.C., Lansdale, PA, for Bell Sav. Bank.

---

## MEMORANDUM

JAMES McGIRR KELLY, District Judge.

Presently before the Court is the Motion to Dismiss of the Resolution Trust Corporation ("RTC"), acting in its capacity as receiver for Bell Federal Savings ("Bell Savings"). RTC requests that the Court dismiss Plaintiffs Charlotte and Jack Samuels' complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). RTC claims the Court lacks subject matter jurisdiction to determine these claims prior to the plaintiffs' exhaustion of the administrative remedies set forth in 12 U.S.C. § 1821(d)(3)–(13) (1989).

*Facts and Procedural History*

The accident triggering this lawsuit occurred in a shopping center where both an Acme Market ("Acme") and a Bell Savings were located. On February 4, 1991, Plaintiff Charlotte Samuels ("Samuels") slipped and fell while walking from the sidewalk onto the parking lot appurtenant to the Acme Market and Bell Savings. At the time of Samuels' fall, Bell Savings had liability insurance coverage for damage claims.

On or about March 15, 1991, the Resolution Trust Corporation ("RTC") was appointed conservator and receiver for Bell Savings. On February 2, 1993, Plaintiffs filed a lawsuit to recover damages incurred as a result of Samuels' fall in the Court of Common Pleas of Montgomery County, Pennsylvania. Because plaintiffs' suit named Bell Savings as a

party, the RTC was formally substituted as a defendant pursuant to 12 U.S.C. § 1441a(l)(3)(B) on October 4, 1993. RTC subsequently removed the suit to the United States District Court for the Eastern District of Pennsylvania pursuant to 12 U.S.C. § 1821(d)(13)(B).

In its Motion to Dismiss, RTC argues that this Court lacks jurisdiction because of the mandatory administrative claims process set forth in the Financial Institution's Reform, Recovery, and Enforcement Act of 1989 (FIRREA). Plaintiffs respond that the jurisdictional bar does not apply to a claim against the bank's insurance because insurance is not an asset.

*Discussion*

█ In response to the savings and loan crisis, Congress enacted the Financial Institution's Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 388 (3d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 582 (1991). The FIRREA creates a comprehensive and mandatory administrative procedure for adjudicating claims against a failed savings and loan institution. 12 U.S.C. § 1821(d)(3)–(13). In arguing that this Court does not have jurisdiction over this case, RTC relies specifically on § 1821(d)(13)(D), which provides as follows:

(D) **Limitation on judicial review**

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or

(ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

█ The Court of Appeals for the Third Circuit has upheld this jurisdictional limitation. *Rosa,* 938 F.2d at 391. If a claim falls within any of these provisions, the federal district court does not have jurisdiction until

the administrative claims process is exhausted. *See* 12 U.S.C. §§ 1821(d)(6) and 1821(d)(13)(D); *see also FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir.1991). Both parties agree that this is a claim "relating to any act or omission of such institution or the corporation as receiver." 12 U.S.C. § 1821(d)(13)(D).

RTC argues that the FIRREA's exclusive claims procedure bars the exercise of jurisdiction by this Court until plaintiffs have exhausted the administrative process. Plaintiffs respond that the jurisdictional bar does not apply since they are not making a claim against any of Bell Savings' assets, but are only seeking recovery from the liability insurance policy.

■ Although the language of the claims procedure provisions is targeted to claims of creditors, it also includes tort claims. *FDIC v. diStefano*, 839 F.Supp. 110, 115 (D.R.I. 1993) ("any lawsuit based on an act or omission of the receiver or the failed institution must be preceded by compliance with the FIRREA administrative procedures"); *Decrosta v. Red Carpet Inns Int'l, Inc.*, 767 F.Supp. 694, 696 (E.D.Pa.1991) (claim for injuries sustained in bathtub accident falls within class of claims requiring exhaustion of administrative remedies).

■ The term "asset" is not defined in the statute. Its ordinary meaning is "property of any kind, whether real or personal, tangible or intangible, legal or equitable, which can be made available for the payment of debts." *NCNB Tex. Nat'l Bank v. Cowden*, 895 F.2d 1488, 1498 (5th Cir.1990) (citation omitted); *see also* Black's Law Dictionary 117 (6th ed. 1990). Liability insurance "indemnifies against liability on account of injuries to the person or property of another." Black's Law Dictionary 805 (6th ed. 1990). The broad definition of asset can be read to include liability insurance, which is available for the payment of a particular kind of debt. However, even if liability insurance is not considered to be an asset, clearly one goal in purchasing liability insurance is the protection of other assets against tort claims.

In an analogous case, an injured plaintiff argued that her tort claim should be excluded from the exhaustion requirement because the defendant was required to carry liability insurance, and her claim would not reach the assets of the depository institution or the RTC. *Decrosta v. Red Carpet Inns Int'l, Inc.*, 767 F.Supp. 694 (E.D.Pa.1991). In a well reasoned opinion, Judge E. Mac Troutman found nothing in the statute indicating that acts or omissions resulting in claims which may be covered by insurance are excluded. *Id.* at 696. He wrote:

> Finally, common sense and ordinary prudence counsel that Congress could not possibly have intended to create an exception to the exhaustion of administrative remedies requirement which would cast the issue into a state of uncertainty and confusion, as conditioning the definition of 'claim' upon such a fortuitous circumstance as insurance coverage most certainly would.

*Id.*

Similarly, I find that there is no evidence in the legislative history, the statute, or caselaw to support plaintiffs' argument that the existence of insurance coverage would create an exception to the exhaustion of administrative remedies requirement for claims against assets. To allow claims against a failed institution's insurance policy to be outside the FIRREA's pervasive regulatory scheme would defeat the goal of a comprehensive, expeditious claims resolution mechanism. Accordingly, this Court does not have jurisdiction over this case until the administrative procedures outlined in the statute are exhausted. The case is dismissed.

An appropriate Order follows.

### ORDER

AND NOW, this 16th day of February, 1994, in consideration of the Motion to Dismiss of the Resolution Trust Corporation, acting in its capacity as receiver for Bell Federal Savings, plaintiffs' response thereto, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the Motion to Dismiss of the Resolution

Trust Corporation is GRANTED. The complaint is DISMISSED as to all defendants.