A.B.C. BUS LINES, INC.,
Plaintiff, Appellant,

v.

URBAN MASS TRANSPORTATION
ADMINISTRATION, et al.,
Defendants, Appellees.

No. 87–1235.

United States Court of Appeals,
First Circuit.

Argued Sept. 10, 1987.

Decided Oct. 19, 1987.

David M. Campbell, with whom Girard R. Visconti and Visconti & Petrocelli Ltd., Providence, R.I., were on brief, for plaintiff, appellant.

Van L. Hayhow, with whom James M. Lewis, P.C., Attleboro, Mass., was on brief, for defendants, appellees Greater Attleboro and Taunton Regional Transit Authority.

Before CAMPBELL, Chief Judge, GARTH,* Senior Circuit Judge, and BREYER, Circuit Judge.

PER CURIAM.

Plaintiff-appellant A.B.C. Buslines, Inc. ("ABC") is a Rhode Island Corporation, providing bus transportation services in Rhode Island and Southeastern Massachusetts. Prior to 1978, ABC was a franchisee operating bus routes in the territory now served by the defendant, Greater Attleboro-Taunton Regional Transit Authority ("GATRA"). ABC ran its bus routes pursuant to certificates of public convenience and necessity acquired from the Massachusetts Department of Public Utilities in

* Of the Third Circuit, sitting by designation.

1962. ABC paid $55,000 for the certificates.

In 1978, the Massachusetts legislature created GATRA, a municipal transit authority. M.G.L. c. 161B § 1 *et seq.* GATRA undertook to provide bus service to the communities of Attleboro and Taunton by subcontracting with ABC. Under this subcontracting agreement, ABC provided bus service to Attleboro and Taunton for over three years. Upon the expiration of the contract GATRA solicited proposals from several local companies, including ABC, and on November 1, 1981 GATRA entered into an agreement with another private company to provide essentially the same services.

Nearly five years after the termination of its subcontract, ABC brought suit essentially alleging two causes of action. The first, that GATRA had violated the Urban Mass Transportation Act of 1964, 49 U.S.C. § 1601 *et seq.*, and that ABC had an implied cause of action to recover for these violations. The second, that GATRA had taken property from ABC without "just compensation."

■ ABC relies upon the following language of 49 U.S.C. § 1602(e), to support its argument that it had an implied cause of action to recover for the charged violations of the Urban Mass Transportation Act:

> No financial assistance shall be provided to a State or local public body or agency thereof ... for the purpose of providing by contract or otherwise for the operation of mass transportation facilities or equipment in competition with, or supplementary to, the service provided by an existing mass transportation company, unless ... (3) just and adequate compensation will be paid to such companies for acquisition of their franchises or property to the extent required by applicable State or local laws....

49 U.S.C. § 1602(e). The district court dismissed ABC's complaint, concluding that there was no implied cause of action under the Urban Mass Transportation Act, and that no taking had occurred. We agree with the reasoning and holding of the district court.

The district court noted that the federal courts have consistently refused to read an implied cause of action into this statute. *See e.g. Associated Businesses of Franklin v. Warren County Board of County Commissioners*, 522 F.Supp. 1015 (S.D. Ohio 1981). *Accord Rapid Transit Advocates v. Southern California Rapid Transit District*, 752 F.2d 373 (9th Cir.1985); *Dopico v. Goldschmidt*, 687 F.2d 644 (2d Cir.1982). Upon reviewing these cases the district court, held that Congress did not intend to create a private cause of action when it enacted the Urban Mass Transportation Act. We agree.[1]

■ The district court also correctly concluded that ABC's "takings" argument presents a number of insurmountable problems. First, ABC had made *no* efforts to exhaust state procedures and second, no property had actually been taken here. In fact, ABC is still in possession of its Department of Public Utilities certificates. Indeed, the very statute which established GATRA expressly allowed for the continued operation of entities like ABC:

> Any private company lawfully providing mass transportation service in the area constituting the authority at the commencement of operations by the authority may continue so to operate the same route or routes and levels of service as theretofore, and may conduct such further operations, without a contract, as the authority subject to the approval of the Department of Public Utilities may permit.

M.G.L. c. 161B § 8(j).

The essence of ABC's complaint, as the district court pointed out, appears to be an assertion of a right to be free from government competition. However, since *Tennes-*

---

1. Furthermore the statute ABC relies on is clearly designed to govern the disbursement of funds by a federal agency. Statutes which are "phrased as a directive to federal agencies engaged in the disbursement of public funds," cannot support private causes of action. *Cannon v. University of Chicago*, 441 U.S. 677, 693 n. 14, 99 S.Ct. 1946, 1955 n. 14, 60 L.Ed.2d 560 (1979).

see *Electric Power Co. v. Tennessee Valley Authority,* 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543 (1939), it has been settled law that private enterprises have no right to be free from public competition. "[F]reedom from competition is not constitutionally protected." *Law Motor Freight, Inc. v. Civil Aeronautics Board,* 364 F.2d 139, 144 (1st Cir.1966).[2]

Because we agree with the reasoning, analysis and holding of the district court, which dismisses ABC's complaint by order dated February 24, 1987, we will affirm the district court's judgment.

**2.** After oral argument, counsel for ABC filed a supplementary letter with the Court calling our attention to the recently decided case of *First English Evangelical Lutheran Church of Glen-* *dale v. County of Los Angeles,* —— U.S. ——, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). Neither the letter nor the discussion of "taking" in that case, requires us to modify our opinion.