36 F.3d 1100
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
John L. JENSEN, Appellant,
v.
Harold E. BROKAW, Chief, Financing Division Agent, Small
Business Administration, Appellee.
 No. 94-1722.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1994.
Filed: September 20, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 John L. Jensen filed a pro se Bivens[1] suit against Harold E. Brokaw, an employee of the Small Business Administration (SBA). Jensen alleged that Brokaw denied him due process when he approved a loan for construction of a rival motel without first notifying Jensen and giving him an opportunity to comment. The district court[2] dismissed the suit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. This appeal followed. We affirm the district court.
 
 
 2
 We review de novo the dismissal of a complaint for failure to state a claim. See Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). Jensen's due process argument centers around the rival motel's adverse impact on the value of his former motel. Procedural due process, however, comes into play only when "there has been a deprivation of life, liberty, or property within the meaning of the Fifth or Fourteenth Amendment." Schneider v. United States, 27 F.3d 1327, 1332 (8th Cir. 1993). We agree with the district court that Jensen did not state a Bivens claim. See O'Bannon v. Town Court Nursing Center, 447 U.S. 773, 789 (1980) (Fifth Amendment does not apply to indirect adverse effects of governmental action); A.B.C. Bus Lines, Inc. v. Urban Mass Transp. Admin., 831 F.2d 360, 362 (1st Cir. 1987) (per curiam) (" 'freedom from competition is not constitutionally protected' " (quoted case omitted)).[3]
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 The HONORABLE CHARLES R. WOLLE, Chief Judge, United States District Judge for the Southern District of Iowa
 
 
 [3]
 Jensen has misconstrued our holding in a prior related civil action as a statement that he had a meritorious Bivens claim on these facts. See Jensen v. Small Bus. Admin., No. 93-1996, slip op. at 2 (8th Cir. Sept. 9, 1993) (unpublished per curiam) (due process allegations were properly construed as Bivens claim which could not be asserted against United States and its agencies)