**United States Court of Appeals**

FOR THE EIGHTH CIRCUIT

_____

No.  96-3042

_____

Razorback Cab of Ft. Smith, Inc.,    *
                                      *
        Plaintiff-Appellant,          *   Appeal from the United States
                                      *   District Court for the
    v.                                *   Eastern District of Arkansas.
                                      *
Dan Flowers, Director, Arkansas       *
Highway and Transportation            *      [PUBLISHED]
Department; Stribling Boynton,        *
Administrator, City of Fort           *
Smith, Arkansas,                      *
                                      *
        Defendants-Appellees.         *

_____

Submitted:  April 17, 1997
                Filed:  September 4, 1997

_____

Before BOWMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

    Razorback Cab of Ft. Smith, Inc. (Razorback) appeals the district court's[1] dismissal of its suit against two public officials.  Razorback sought declaratory and injunctive relief against Dan Flowers, Director of the Arkansas Highway and Transportation Department, and Stribling Boynton, Administrator of the city of Fort

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

Smith, Arkansas, contending that they violated its constitutional rights to due process and equal protection as well as its alleged rights under the Urban Mass Transportation Act of 1964 (UMT Act), as amended, 49 U.S.C. §§ 5301-5338 (1994), and certain state laws and city ordinances. We affirm.

In its complaint, Razorback alleges that it is an Arkansas corporation which has operated as the only supplier of general public mass transportation in Fort Smith, Arkansas, since the date of its organization. Flowers, as Director of the Arkansas Highway and Transportation Department, and Boynton, as Administrator of the city of Fort Smith, are each responsible for carrying out the mandatory provisions of the UMT Act. In June 1995, the city placed notices in two newspapers with general circulation within the city of Fort Smith, indicating that the city was requesting proposals for management of a public transit system in the city. In December 1995, the city executed a contract with Community Resource Group, Inc. (CRG) for the management of a public transit system for the city in the form of a demand-response mini bus service. The city applied for UMT Act funds through the Arkansas Highway and Transportation Department to help subsidize the mass transportation service. CRG's mini bus service began to operate on June 10, 1996.

Razorback filed a six-count complaint, asserting that Flowers and Boynton did not follow the prescribed procedures for awarding and disbursing UMT Act funds. Razorback's claims involve an alleged failure to comply with the notice and hearing provisions of the UMT Act, alleged violations of the Due Process Clause, the Equal Protection Clause, state law, and an unspecified city ordinance. Dan Flowers filed a motion to dismiss for failure to state a claim upon which relief may be granted. Stribling Boynton also filed a motion to dismiss and, in the alternative, a motion for summary judgment. The district court granted each defendant's motion, and Razorback appeals.

Razorback contends that the district court erred by concluding that it lacks standing to bring a UMT Act claim. "The UMT Act provides for federal assistance in the planning and development of local mass transit systems." Rapid Transit Advocates v. S. Cal. Rapid Transit, 752 F.2d 373, 375 (9th Cir. 1985) (citing 49 U.S.C. § 1602). The district court noted that the Act does not expressly authorize private suits to challenge violations of its requirements and concluded that cases refusing to read an implied private cause of action into the statute are most persuasive. See id. at 376-377; A.B.C. Bus Lines v. Urban Mass Transp. Admin., 831 F.2d 360, 361 (1st Cir. 1987); City of Evanston v. Regional Transp. Authority, 825 F.2d 1121, 1123-24 (7th Cir. 1987); Dopico v. Goldschmidt, 687 F.2d 644, 648-49 (2d Cir. 1982). But see Baker v. Bell, 630 F.2d 1046, 1050-51 (5th Cir. 1980) (holding a class of mobility disabled riders had standing to bring an action for judicial review of agency action taken pursuant to UMT Act; also involving the Rehabilitation Act); Cohen v. Massachusetts Bay Transp. Auth., 647 F.2d 209, 212 (1st Cir. 1981) (granting members of "the riding public" standing to challenge the adequacy of hearings under the Act). We find persuasive those cases refusing to read into the UMT Act an implied private cause of action. As noted by the district court, our holding in United Handicapped Federation v. Andre, 558 F.2d 413 (8th Cir. 1977), which involved both the UMT Act and the Rehabilitation Act, is distinguishable from the case at hand. There, we held that a group of disabled plaintiffs had standing, based on duties arising from section 504 of the Rehabilitation Act, to challenge the defendants' failure to make urban mass transit equipment purchased with federal funds accessible to all disabled persons. Id. at 415. While provisions of the UMT Act were also at issue, our holding granted standing in reference to section 504 of the Rehabilitation Act, and it did not reference any provision of the UMT Act in the standing discussion. We agree with the district court that Andre is not controlling authority in the present case, where a private corporation is attempting to bring suit merely because a competitor received UMT Act funds. As the district court concluded, we hold that the language of the UMT Act does not indicate any congressional intent to confer on this plaintiff a private right of action. See Cort v. Ash, 422 U.S. 66, 78 (1975) (listing factors to consider when determining

-3-

whether a private remedy is implicit in a statute not expressly providing one).  Thus, Razorback has failed to state a claim under the UMT Act.

Razorback argues that the district court erred by concluding that its due process and equal protection claims are inextricably intertwined with its UMT Act claims.  While Razorback asserts it has stated constitutional claims of due process and equal protection violations that rely on its loss of business property and that are independent of any rights it may have under the UMT Act, its pleadings belie this assertion.  Each constitutional claim articulated in Razorback's complaint explicitly relies on Razorback's challenge to the notice relating to UMT Act funds or the acquisition and disbursement of UMT Act funds.  No separate property right is articulated in the complaint.  Razorback did not apply for UMT Act funds and has no property right in any UMT Act funds.  Similarly, Razorback has no property right in challenging the method by which CRG applied for and obtained such funds.  Furthermore, Razorback has no substantive right to operate its business free from competing transportation services that are subsidized by such funds.  We conclude that the district court properly dismissed all of Razorback's constitutional claims.

The district court dismissed Razorback's state law claim, because it was based on a statute that applies only to taxicabs.  See Ark. Code Ann. § 14-57-307(a) (1987) (requiring notice to each taxicab operator in the city and a hearing before granting any taxicab operating permit).  Arkansas law defines a taxicab as a motor vehicle with a seating capacity not in excess of seven.  See id. § 14-57-301.  The mini buses that CRG operates are not within this definition and consequently are not subject to the state law requirements listed in Razorback's complaint.  Thus, we agree with the district court that Razorback failed to state a due process claim for the violation of state law.  For the same reason, Razorback has failed to state a due process claim with regard to city ordinances governing taxicabs.  The district court dismissed without prejudice all claims based on an alleged violation of city ordinances, because  Razorback did not identify which ordinances were alleged to have been violated.  In its brief on appeal,

-4-

Razorback has indicated which city ordinances are at issue. The definitional section of the chapter at issue defines a taxicab as a motor vehicle with a seating capacity not in excess of seven passengers, and specifically excludes a mini bus transportation system from the definition. (J.A. at 178.) The permit application and hearing provisions apply only to taxicabs. (Id. at 180.)

Because Razorback has failed to state a claim against either defendant upon which relief may be granted, we find it unnecessary to address the Eleventh Amendment immunity issue. Accordingly, we affirm the judgment of the district court dismissing Razorback's complaint.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.