**AREA TRANSPORTATION, INC.,**
**Michigan Corporation,**
**Plaintiff,**

v.

**Joel P. ETTINGER, Regional Administrator of the Federal Transit Administration for Region V, U.S. Department of Transportation, Defendant.**

**No. 99 C 3287.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 23, 1999.

Arthur F. Radke, Jennifer J. Howe, Dykema Gossett PLIC, Chicago, IL, Steven A. Diaz, William H. Carroll, Dykema Gossett, Washington, DC, for Area Transportation, Inc, a Michigan corporation, plaintiff.

*MEMORANDUM OPINION*
*AND ORDER*

CASTILLO, District Judge.

Plaintiff Area Transportation Inc. ("Area Transport") filed this lawsuit under the Federal Transit Act, 49 U.S.C. § 5301, and the Administrative Procedure Act, 5 U.S.C. § 701. The complaint alleges that Defendant Federal Transit Administration ("Administration") did not award the appropriate remedy to Area Transport on its administrative complaint against Flint Mass Transportation Authority ("Flint Transport"). The Administration seeks dismissal of the lawsuit for lack of subject matter jurisdiction arguing that federal transit law does not authorize a private right of action, Area Transport lacks standing to sue, and Area Transport's claims are not ripe for adjudication. Because Area Transport lacks standing, we grant Defendant's motion to dismiss.

### RELEVANT FACTS

Area Transport is a provider of yellow school bus and other bus transportation services in Flint, Michigan. Joel P. Ettinger is the Regional Administrator for Region V of the Federal Transit Administration ("FTA"), headquartered in Chicago, Illinois. Region V is made up of several states, including both Michigan and Illinois.

In August 1998, Area Transport filed a complaint with the Administration alleging that a competitor, Flint Transport, was receiving federal grant money while providing prohibited, exclusive school bus service in violation of 49 C.F.R. § 605 (FTA regulation concerning school bus operations). Area Transport sought a cease and desist order against Flint Transport and disqualification of Flint Transport for future federal funding. In response to the administrative complaint, Flint Transport admitted that it was not eligible to provide school bus services, but argued that its service was permissible "tripper" service. The Administration found that Flint

Transport was in fact providing unlawful school bus operations in violation of federal regulations and ordered Flint Transport to "cease and desist any such further service." Although the Administration did not cut off Flint Transport's future funding, as requested by Area Transport, it warned that any failure to stop the unlawful school bus service could result in "additional penalties." Flint Transport did not appeal the Administration's decision.

Area Transport's federal lawsuit alleges that the Administration lacks discretion under 49 U.S.C. § 5323(f) to determine the appropriate sanction for a violator of its provisions. Area Transport seeks a declaration that, under 49 U.S.C. § 5323(f) [1], the Administration is legally bound to (1) declare Flint Transport ineligible for future federal transit assistance grants, and (2) require Flint Transport to repay the grants it received for each year it was in violation of the regulations.

## LEGAL STANDARDS

When considering a defendant's motion to dismiss, this court must accept all well-pled facts as true, draw all inferences in favor of the plaintiff, and view the plaintiff's allegations in the light most favorable to the plaintiff. *See Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993). This Court will grant a

motion to dismiss only where the plaintiff can prove no set of facts entitling it to relief. *See Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir.1993). With these standards in mind, we evaluate the Administration's motion to dismiss Area Transport's complaint.[2]

## ANALYSIS

*A. The Urban Mass Transportation Act does not expressly grant a private right of action, but the language of section 5323(f) implies this right.*

Area Transport relies on the Federal Transit Act, 49 U.S.C. § 5323(f), and the Administrative Procedure Act, 5 U.S.C. § 701, to provide this Court a jurisdictional basis under 28 U.S.C. § 1331. Both parties agree that the text of § 5323(f) does not expressly create a private right of action; therefore, the first issue in this case is whether § 5323(f) implies a private right of action, an issue of first impression.

■ To determine whether Congress meant to create an implied private right of action, we look to the language of the statute and legislative history for evidence that Congress intended, via the statutory scheme, to protect a private interest. *See City of Evanston v. Regional Transp.*

---

1. § 5323(f) is headed "School bus transportation" and provides in part:

    (1) Financial assistance under this chapter may be used for a capital project, or to operate mass transportation equipment or a mass transportation facility, only if the applicant agrees not to provide school bus transportation that exclusively transports students and school personnel in competition with a private school bus operator. This subsection does not apply—

    (A) to an applicant that operates a school system in the area to be served and a separate and exclusive school bus program for the school system;

    (B) unless a private school bus operator can provide adequate transportation that complies with applicable safety standards at reasonable rates; and

    (C) to a State of local government authority if it or a direct predecessor in inter-

    est from which it acquired the duty of transporting school children and personnel, and facilities to transport them, provided school bus transportation at any time after November 25, 1973, but before November 26, 1974.

    (4) An applicant violating an agreement under this subsection may not receive other financial assistance under this chapter.

2. When considering a motion to dismiss for lack of subject matter jurisdiction, we may entertain evidentiary materials addressed to the jurisdictional question. *See United Transp. Union v. Gateway W. Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir.1996); *see also Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir.1993). Therefore, the Administration's decision on Area Transport's initial administrative complaint may be properly included in the evaluation of Defendant's motion to dismiss.

*Auth.*, 825 F.2d 1121, 1123 (7th Cir.1987). In reviewing legislative history and statutory construction, the Supreme Court has found that a cause of action is seldom implied in statutes framed as a "general prohibition or command to a federal agency." *Universities Research Ass'n, Inc. v. Coutu,* 450 U.S. 754, 772, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981). However, when the section of the statute at issue clearly reflects legislative intent to protect a competitive interest, the protected party has standing to require compliance with that provision. *See South Suburban Safeway Lines, Inc., v. City of Chicago,* 416 F.2d 535, 539 (7th Cir.1969); *see also Hardin v. Kentucky Utils.,* 390 U.S. 1, 6, 88 S.Ct. 651, 19 L.Ed.2d 787 (1968).

The legislative history and statutory construction of the Urban Mass Transportation Act ("UMTA") suggest that its general regulatory scheme was designed to benefit the public at large and not to create a special benefit for a particular class of persons. *See City of Evanston,* 825 F.2d at 1124; *see also ABC Bus Lines, Inc. v. Urban Mass Transp. Admin.,* 831 F.2d 360 (1st Cir.1987); *Dopico v. Goldschmidt,* 687 F.2d 644 (2d Cir.1982). However, some courts have found that specific sections of the UMTA imply a private right of action.[3]

As Congress hammered out the details of the UMTA, they were concerned that federal funding not be used without regard for the interests of private carriers who compete with federally-funded carriers for patronage. This concern resulted in the establishment of certain protections for private transportation companies, including restricting certain operations by recipients of federal funding. *See, e.g.* 49 U.S.C. § 5323(1), 5323(d), and 5323(f). We now look specifically at the text of § 5323(f).

■ Section 5323(f) of the UMTA limits federal funding to those recipients that agree not to provide school bus transportation in competition with private school bus operators.[4] By its language alone, this section clearly intends to protect private school bus operators from competition by federally-funded mass transportation providers. Area Transport is a private school bus operator and thus is in the class of persons protected by § 5323(f). Therefore Area Transport has an implied private right of action under § 5323(f), and we deny the Administration's motion to dismiss on this basis.

B. *Area Transport lacks standing because it did not suffer an "injury in fact" as required by the Administrative Procedure Act and Article III of the United States Constitution.*

■ To establish standing under the Administrative Procedure Act, two requirements must be met. First, the plaintiff must establish an "injury in fact," as dictated by the case or controversy requirement of Article III of the Constitution. *See Association of Data Processing Serv. Orgs., Inc., v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); *see also Bradford Sch. Bus Transit, Inc., v. Chicago Transit Auth.,* 537 F.2d 943, 946 (7th Cir.1976). Second, the plaintiff must be in the "zone of interests" contemplated by the statute. *See id.* For the same reason Area Transport is in the class of persons protected by § 5323(f), it is also in the "zone of interests" contemplated by § 5323(f). Therefore, the only issue is whether Area Transport has sufficiently established an "injury in fact" in accordance with Article III.

---

3. For example, mobility-handicapped individuals and associations of disabled persons had standing to bring a private cause of action on account of the failure to make urban mass transit equipment purchased with federal financial aid fully accessible to all handicapped persons. *See United Handicapped Fed'n v. Andre,* 558 F.2d 413 (8th Cir.1977).

4. None of the three exceptions to this rule provided in § 5323(f) apply to Flint Transport.

 Article III standing requires a party to demonstrate (1) that the plaintiff suffered an "injury in fact"—an invasion of a legally recognized interest which is concrete and particularized, actual or imminent, and not conjectural or hypothetical; (2) that there was a causal connection between the plaintiff's injury and the defendant's action—the injury was fairly traceable to the defendant's action and not the result of some third party not before the court; and (3) that a favorable decision will likely, as opposed to potentially or speculatively, redress the injury. *See Wisconsin v. Fed. Energy Regulatory Comm'n*, 192 F.3d 642, 646 (7th Cir.1999); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Although Area Transport has adequately alleged an injury in fact—that Flint Transport had a competitive advantage because of the federal grant—it has failed to establish a causal link between the Administration's action and its injury. Furthermore, a favorable decision here will not redress the specific injury of which Area Transport complains.

First, Area Transport's injury is not fairly traceable to the Administration ruling, but rather resulted from Flint Transport's illegal school bus service. The damage here was caused by Flint Transport's unfair competition for school bus customers. Area Transport does not complain that the Administration's ruling caused the unfair competition. Clearly Flint Transport inflicted the injury to Area Transport, and because Flint Transport is a third party not before the Court, the second requirement for Article III standing has not been met.

Furthermore, Area Transport cannot establish the third requirement for Article III standing. Area Transport asks this Court to require the Administration to withhold future federal funding from Flint

Transport and require Flint Transport to repay its federal grants for the last ten years. But, for Article III purposes, such relief would not redress the particular injury of which Area Transport complains. Any potential repayment of grant monies would necessarily go to the Administration, and therefore, would in no way redress Area Transport's losses due to the unfair competition. Similarly, barring future grants to Flint Transport would not remedy Area Transport's losses, and in fact might provide it with an unfair advantage.

Furthermore, Area Transport did not seek repayment of the grant money during the administrative proceedings; it requested only a cease and desist order against Flint Transport and that Flint Transport be disqualified from receiving future federal grants. In any event, the statute does not explicitly require repayment of federal funds by recipients found to be in violation of federal regulations.[5] Additionally, there was no finding in the administrative decision that the illegal service had gone on for ten years. The only finding was that Flint Transport was currently providing illegal service.

Finally, the Administration's ruling already requires Flint Transport to cease and desist from providing illegal school bus service if they want federal funding, and thus protects Area Transport from future harm. Area Transport does not claim that the Administration is overlooking a current violation of federal regulations by Flint Transport (non-compliance with the cease and desist order). Withholding legitimate federal funding from Flint Transport in the future would not redress Area Transport's injury, rather it would injure Flint Transport in its other mass transportation operations, which are not at issue.[6]

---

5. We do not consider whether the Administration was required to withhold future funding from Flint Transport here as that issue goes to the merits of the case. We only emphasize that this action would not remedy Area Transport's alleged injury.

6. Because we have found that Area Transport does not have standing for this lawsuit, we do not need to discuss the Administration's ripeness and laches arguments.

Because Area Transport does not have Article III standing, it cannot sue under the Administrative Procedure Act. Accordingly, we need not reach the merits of Area Transport's complaint.

## CONCLUSION

For the reasons set forth above, we grant the Administration's motion to dismiss with prejudice. The Clerk of the Court is instructed to enter final judgment, pursuant to Federal Rule of Civil Procedure 58, in favor of the Administration.